FILED
MAY 6, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:10-cv-01991 Document 7 Filed 05/06/10 Page 1 of 8

RECEIVED
mar 30, 2010
MAR 3 0 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Running head: COMPLAINT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MESUE JACKSON, | ) |
| Plaintiff, | |
| V. | 10cv1991<br>JUDGE LEINENWEBER<br>MAG. JUDGE KEYS |
| University of Chicago Law School, | ) |
| Defendant, | ) |

## COMPLAINT

Now come the Plaintiff Mesue Jackson, and hopefully an appointed attorney from the court (name unknown), against the Defendant University of Chicago Law School, and complains as follows:

1. This action is for the following areas of discrimination listed below:

    a. Disability Discrimination:

Americans with Disabilities Act, Section 203/Rehabilitation Act of 1973/Section 504 as amended 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. Part 104 Section 104.44(a)/ Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. §12132, and its implementing regulation at 28 C.F.R. Part 35.

    b. Race discrimination:

Title VI of the Civil Rights Act of 1964 and 42 U.S.C. 1981/Title 34 – Education/Appendix A to Part 100/Appendix B to Part 100/ § 100.1 Purpose, § 100.2 Application of this regulation, § 100.3 Discrimination prohibited, § 100.4 Assurances required, § 100.5 Illustrative application.

    c. Sex discrimination:

Title IX of the Education Amendments of 1972/ Subpart A § 106.1/ Subpart C § 106.15Admissions/Subpart C—Discrimination on the Basis of Sex in Admission and Recruitment Prohibited § 106.21 Admission/Subpart C --- § 106.22 Preference in admission.

    d. Age Discrimination:

The Age Discrimination Act of 1975/US Code -76: Age discrimination in federally assisted programs, Section 6101 through Section 6107.

2. The plaintiff is Mesue Jackson of the county of Cook, in the state of Illinois.

3. The defendant is University of Chicago Law School (Ann Killian Perry), whose street address is 1111 East 60th Street, Chicago, Illinois 60637 (Defendant's telephone number) 773-702-9494.

4. The plaintiff sought admissions at the defendants (UCLS) aforementioned address listed above.

5. The plaintiff was: (a) denied admissions to the JD law program by the defendant.

6. The defendant discriminated against the plaintiff for 3 years (3 attempts); however, the latest date the defendant discriminated against the plaintiff was on or about, March 21st, 2008. The plaintiff's latest application for admissions was submitted in 2007 for the JD entering class of 2008.

7. The defendant is not a federal governmental agency, but is a recipient of Federal financial assistance and because UCLS is a recipient of Federal financial assistance, OCR has jurisdiction over this complaint (a) the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the following government agencies: (ii) The United States Department of Education on or about May 12, 2008 (1st final decision from Dept of Education was on Oct 08, 2008; 2nd decision from appeal was given on January 23, 2009, but request for appeal was submitted December 8, 2008; third appeal to Deputy Assistant Secretary/Office of Civil Rights/U.S. Dept of Education in Washington D.C. 20202, at address: 400 Maryland Ave, was received by them on March 24, 2009, and plaintiff has not received any correspondence back from the U.S. Dept of Education even up to this present date of January 4th, 2009). (b) If charges were filed with an agency indicated above, and a copy of the charge is attached, answer Yes or No: Answer is: Yes. Additionally, plaintiff does not believe that all the necessary steps of action surrounding the U.S. Dept. of Education's policy were followed in this case.

8. (a) the United States Department of Education has issued a Notice of Right to Sue, by filing a private suit pursuant to section 203 of the Americans with Disabilities Act, whether or not OCR finds a violation of Title II; in which was received by the plaintiff on October 08, 2008, a copy of which Notice is attached to this complaint. However, correspondence has not been received from the appeal letter, after OCR received proof that their original finding was wrong, in which OCR admitted the submission of new proof was cause to change their original ruling to favor plaintiff, but they knowingly failed to overturn their original decision to favor the plaintiff. Therefore, a third appeal

was implemented to get the decision to be rightfully overturned to favor the plaintiff, since OCR admitted that the proof submitted by plaintiff in an appeal letter warranted a change in OCR's initial decision.

9. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. 1983).

10. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. 1331, 28 U.S.C. 1343(a) (3), and 42 U.S.C. 20000e-5(f)(3); for 42 U.S.C. 1981 and 1983 by 42 U.S.C. 1988; for the A.D.E.A. by 42 U.S.C. 12117; for the Rehabilitation Act, 29 U.S.C. 791. (I'M NOT SURE WHAT THIS AREA IS ABOUT, NOR IF CORRECT????????????)

11. The defendant led me to believe that I was discriminated because (a) they denied me admissions three consecutive years (b) because they lied to OCR and told them they were not aware of or knowledgeable that I was disabled as reason to justify why they applied normal admissions standards even thou they were asked in an "additional statement" to apply accommodations in the admissions process (c) because of their low % of disabled students who are currently attending their law school (d) because of their low % of black women currently attending their law school (e) because of their low % of black students currently in their JD program (f) because at the open house I attended, there were only two black students out of about two through three hundred students, and I was not accepted even for diversity purposes despite the claims by UCLS that their law school accepts a diversified pool of candidates to their JD program (g) because they told the investigators that I was denied entry because "my application was not considered competitive." (h) because they told investigators that they denied me admissions because I had a weak work history even thou I told them that I had a gap in my work history as a result of being bedridden from the accident that disabled me, and because according to the ABA it does not matter if you have a work history or not, because most students who are admitted to law school do not have any work history (i) because they told investigators that they denied me admissions because I had one incident on my legal record that stated I was found not guilty of a crime where I was falsely accused, and UCLS decided to make me "guilty" even thou the court stated that I was "not guilty." (j) because they refused to take my LSAT score and my GPA (4.0) into consideration together like the ABA stated and denied me admissions only based on my low LSAT score (k) because they failed to admit me under the "rolling basis program" or the "scaling basis program" which allows the admissions committee to pick around 30 students who fall short of meeting their admissions criteria where these chosen students are required to attend a summer law course, and if they do well, they are admitted to the

law school, but I was denied admissions even under this program three consecutive years, even thou I asked about the program by name twice in my last two applications for admissions (J) because their conduct was rude when Kathy, an advocate for the Center for Independent living tried to contact them on my behalf, to see why they denied me entry even though they were aware that I was asking for accommodations surrounding disability, and they display unprofessional conduct to the advocate that appeared to be not friendly toward disabled persons (k) potentially, because of my age.

12. Why I felt I should have been admitted (a) because I was a qualified student (b) because I passed the LSAT score despite experiencing extenuating circumstances around the same time I took the test (c) because I passed the LSAT without studying (d) because I had a high GPA which was a 4.0 (e) because I maintained a high GPA throughout most of my collegiate experience with different learning institutions (f) because my clean legal record shows that I respect and uphold our laws, and that I would be a great candidate to help ensure that the law was applied and upheld, as a future attorney (g) because I display the characteristics needed to be a great student an attorney for life, as I am analytic, compassionate toward others, lover and respecter of all people, tenacious in defending a good cause, treat people like I want to be treated, believe in being a voice for the underserved and defenseless population who are violated daily and do not know their rights or how to pursue injustices, I am honest, a good listener, caring, and not afraid to pursue law violators (h) because I have the gifted ability to easily find the flaw in the story whenever I am confronted with a situation where pieces of the situation is missing (i) because I am done with my masters degree, and I still wanted to be an attorney (j) because I can help increase the low or declining % of black students and black females who are currently studying or practicing law which can present a more equal pay bracket for other graduating law students of other ethnicities as a result of black women attorneys getting a higher salary because there is few black women attorneys in the legal field (k) because my physical limitations should not be a factor to bar me from having an opportunity to study or practice law (l) because I worked hard through extenuating circumstances and accomplished almost four degrees while maintaining a high GPA (m) because I applied to law school three times and did not give up on pursing my dream and passion to study law.

13. **The Defendant:**

    (a) Failed to admit the plaintiff
    (b) Failed to reasonably accommodate the plaintiff's disabilities
    (c) Failed to acknowledge or provide the plaintiff's request for accommodations surrounding the LSAT score and the gap in plaintiff's work history that was affected as a result of plaintiff becoming physically disabled from an accident and from extenuating circumstances stemming from the accident that occurred after the accident, which was out of plaintiff's control. Therefore, the defendant intentionally refused to provide the

requested accommodation in the specified areas aforementioned above, and applied normal admissions standards that failed to acknowledge or take into consideration areas of the admissions process that was out of the plaintiff's control; which, was wrongfully and intentionally used to deny the plaintiff admissions without regards to circumstances surrounding plaintiffs physical disability.

(d) Wrongfully, utilized bias admissions standards to deem the plaintiff as an "unqualified student" for admissions when plaintiff was indeed qualified.

(e) failed to follow the American Bar Association's (ABA) rules and regulations for law school personnel to follow when deciding admissions for prospective law students, which warns the admissions committee to not use the LSAT score solely for determining admissions because it can wrongfully deny a qualified student as being "unqualified." Also, the ABA mandates the admissions committee to use the prospective students GPA in combination with the LSAT score if the score is low. Whereas, the defendant refused due to biases about the plaintiffs undergraduate and graduate schools that the plaintiff graduated from even though these learning institutions were accredited by the same accrediting agency as the defendant.

(d) failed to admit the plaintiff under a program called the "scaling basis" or "rolling basis" where the admissions committee can pick around 30 students who fall short of meeting the law schools requirements for admissions, and they are offer an opportunity to attend a small summer law course, and if they do well they are guaranteed admissions. Whereas, the plaintiff requested this program in her last two applications as a last resort, to gain admissions at the defendant's law school, where the plaintiff's request was repeatedly denied due to biases that were not associated with the plaintiffs true credentials.

(e) Provided OCR with bias admissions standards that was used to deem the plaintiff as "unqualified for admissions" when in fact the plaintiff was qualified. The bias admission standards that the defendant provided to OCR went against the rules and regulations stipulated by the ABA regarding the areas the defendant knowingly and intentionally used to cover up their deceptive actions against the plaintiff surrounding admissions.

(f) Failed to properly inform the plaintiff how to inform the admissions committee about a request for accommodations in certain areas of the admissions process, as a result of extenuating circumstances surrounding an accident that left the plaintiff physically disabled. However, the plaintiff as well as other professionals who were activists or representatives for equality for disabled persons, that contacted the defendant on multiple occasions to help ensure plaintiff's request for accommodations were upheld, after plaintiff informed them that she was unable to get the defendants to provide an admissions accommodation surrounding her status as a disabled person. These professionals were from the Center of Independent Living and from the Department of Rehabilitation that spoke to the defendants on behalf of the plaintiff, and about the plaintiffs request for accommodations; in which, they respondent that the admissions personnel and disability department (defendant) were not very friendly or helpful in providing advice on how to ensure plaintiff's request for accommodations would not be overlooked, as a disabled student trying to gain admissions.

14. The defendant: (a) failed to provide admissions to plaintiff; (b) failed to take the plaintiff's disability in consideration, and denied being aware of or knowledgeable of the

plaintiff's status as a physically disabled person (c) failed to take into consideration the plaintiff's " hardship" surrounding extenuating circumstances associated with an accident that left the plaintiff permanently physically disabled, that was stipulated in an additional statement to the admissions committee (d) failed to apply requested accommodations in the admissions process, and applied normal admissions standards in reviewing the plaintiff application (e) failed to take plaintiff's LSAT score in consideration with her GPA (4.0) in the admissions process

15. Defendant failed to reasonably accommodate the plaintiff's disability. And, they lied to OCR about not being made aware, but plaintiff submitted proof to OCR and they responded the defendant was aware of the plaintiff's disability and request for accommodations.

16. The facts supporting the plaintiff's claim of discrimination are as follows: Defendant deemed Plaintiff, a qualified student as being unqualified for admissions at University of Chicago Law School due to bias admission standards that were not consistent with the admission standards that were stipulated by the American Bar Association, that were required for admissions committee personnel to follow when deciding admissions for prospective students to the JD program. Additionally, Defendant refused to provide admissions to Plaintiff, by failing to grant requested accommodations that asked the admissions committee or deciding personnel to wave or to take into consideration certain areas surrounding requirements for admissions, as a result of a special circumstance or hardship that was out of the Plaintiff's control, and would potentially cause the Plaintiff to fall short of meeting a couple areas regarding UCLS's admissions requirements. Furthermore, Plaintiff filed a complaint with the U.S. Department of Education, and submitted an appeal surrounding the Department's original decision with proof to prove the Defendant did not tell the truth that they were aware of the Plaintiffs special circumstances or request for accommodations; in which, the Plaintiff submitted proof (documentation) that conflicted with what UCLS's statement that they were not aware; in which, the Department of Education overturn the decision to favor the Plaintiff.

17. [Disability, Race, Sex, and Age Discrimination only] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

18. The plaintiff demands that the case be tried by a jury: Yes or No? Answer: Yes

19. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only these that apply]:

(a) Direct the defendant to admit the plaintiff to their JD law program with a full ride scholarship, at no cost to plaintiff;
(b) Direct defendant to reasonably accommodate the plaintiff's disabilities.

(c) If available, grant the plaintiff appropriate injunction relief, compensatory damages, punitive damages, attorney fees and expert witness fees.

(d) Direct the defendant to grant relief requested by the plaintiff, such as the following.
   1. $500,000 for damages
   2. Full ride scholarship to their JD law or cost of 3 year legal education
   3. Pay off student loans (because defendant placed me in great danger of defaulting) on student loans).

(e) Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

    (Plaintiff's name)
    Mesue Jackson

    (Plaintiff's street address)
    168 Heritage Ln.
    Streamwood, IL 60107

    (Plaintiff's telephone number) 847-893-6565

Date: January 1, 2010