UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MESUE JACKSON, | ) |
| Plaintiff, | ) Case No. 10 CV 1991 |
| v. | ) The Honorable Judge Leinenweber |
| UNIVERSITY OF CHICAGO LAW SCHOOL, | ) Magistrate Judge Keys |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

INTRODUCTION

The Plaintiff, Mesue Jackson, applied for admission to the University of Chicago's School of Law ("U of C") in three consecutive years, and was rejected each time because her application was manifestly uncompetitive. Around the same time, the Plaintiff also applied to, and was rejected by, six other law schools in Illinois. Rather than accept the obvious, that she is not qualified for acceptance to law school, the Plaintiff offers an irrational and implausible story: every one of the six schools to which she applied discriminated against her based on her race, gender, age and a claimed physical disability.

The Plaintiff is now attempting to use the federal courts to try to obtain from U of C and the other schools what she could not obtain legitimately: admission to law school, a "full ride scholarship"; $500,000.00 in cash; and payment of her undergraduate student loans. To that end, on March 30, 2010, the Plaintiff simultaneously filed virtually identical complaints against each of the law schools which rejected her, alleging that they did so not because of her qualifications,

which she admits are substandard, but because of protected characteristics.[1] For the reasons explained below, U of C moves to dismiss the Plaintiff's Complaint with prejudice.[2]

## ARGUMENT

### I. Standard For A Rule 12(b)(6) Motion To Dismiss

To survive a motion to dismiss, the complaint must "plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). And while the Supreme Court has stated that a court should dismiss a complaint with prejudice only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, that statement "is not a mandate to countenance balderdash." *Jennings v. Emry*, 910 F.2d 1434, 1441 (7th Cir. 1990), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Moreover, in evaluating the sufficiency of the Complaint in this case, the Court should be mindful of the specialized nature of the academic environment, and the Supreme Court's admonition that courts should defer to an academic institution's decision about whether to admit a student. *Board of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 92 (1978). The Supreme Court has instructed that, when reviewing the substance of academic decisions such as admission to law school, courts should give deference to the institution's professional judgment. *Regents of University of Mich. v. Ewing*, 474 U.S. 214, 225 (1985).

Additionally, while a *pro se* complaint is held to less stringent standards than pleadings drafted by lawyers, a *pro se* plaintiff can plead herself out of court by pleading facts that

---

[1] *Jackson v. DePaul College of Law* (Case No. 10 CV 1982); *Jackson v. Northwestern University* (Case No. 10 CV 1986); *Jackson v. Chicago-Kent College of Law* (Case No. 10 CV 1988); *Jackson v. Loyola University* (Case No. 10 CV 1985); *Jackson v. John Marshall Law School* (Case No. 10 CV 1992); and *Jackson v. Northern Illinois University* (Case No. 10 CV 1994).

[2] A copy of the Complaint is attached as Exhibit 1.

undermine the claims in the complaint. *Torrence v. Advanced Home Care, Inc.*, No. 08-cv-2821, 2009 WL 144448 at *2 (N.D. Ill. May 21, 2009) (Dow, J.)[3] As the Seventh Circuit has stated, a plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) ("a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery"). As explained below, viewing the Complaint in light of the above standards, it is clear that the Complaint fails to state a claim "plausibly suggest[ing] that the plaintiff has a right to relief," mandating dismissal. *Concentra*, 496 F.3d at 777.

## II. The Court Should Dismiss The Complaint Because The Plaintiff Has Pled Herself Out Of Court By Acknowledging She Did Not Meet U Of C's Admissions Standards

As noted above, even a *pro se* plaintiff can plead herself out of court by making admissions that undermine the claims. *Torrence*, 2009 WL 144448 at *2. This is exactly what the Plaintiff has done in this case. The factual allegations in the Complaint fatally undermine the Plaintiff's claims in two distinct yet interrelated ways. First, the Complaint affirmatively states that the Plaintiff failed to meet U of C's rigorous standards for admission, and admits that U of C rejected the Plaintiff for this legitimate, non-discriminatory reason. This fact alone is fatal to every one of the Plaintiff's claims because, as a matter of law, an academic institution is not required to lower admissions standards to accept any applicant, regardless of protected characteristics. *See Yates v. John Marshall Law School*, No. 08 C 4127, 2008 WL 4358313 (N.D. Ill. May 11, 2009) (granting motion to dismiss because "neither the ADA nor the Rehabilitation Act, require JMLS to lower its acceptance standards to accept Yates regardless of

---

[3] Copies of unreported cases cited in this Memorandum are attached as Exhibit 2.

her admittedly low LSAT score"); *Halasz v. University of New England*, 816 F. Supp. 37, 43 (D. Me. 1993).

A review of the Complaint's factual allegations shows that they point exclusively to non-discriminatory reasons for the plaintiff's rejection, plainly contradicting the Plaintiff's claims of discrimination. For example, the Plaintiff states that U of C "denied me admissions [sic] only based on my low LSAT score." (¶ 11 (j)). It further alleges that the Plaintiff's application was "not considered competitive" (¶ 11 (g)). The Complaint also acknowledges that the Plaintiff had a weak work history (¶ 11 (h)) and a "low score" on the Law School Admissions Test (LSAT) (¶ 11 (j)). The Complaint also asserts that U of C accorded more weight to the Plaintiff's low LSAT score than her grade point average. The Complaint explicitly concedes that U of C "applied normal admissions standards in reviewing the plaintiff [sic] application." (Complaint ¶ 13 (c)). Finally, it accuses U of C of "failing to grant requested accommodations that asked the admissions committee or deciding personnel to wave [sic] or take into consideration certain areas surrounding requirements for admissions, as a result of special circumstances or hardship that was out of the Plaintiff's control, and would potentially cause the Plaintiff to fall short of meeting a couple areas [sic] regarding [U of C's] admissions requirements." (¶¶ 14, 16).

Read together, these allegations are irreversible admissions that the Plaintiff fell short of U of C's standards and that her claims of discrimination are founded on U of C's use of "normal admissions standards." Thus, the Plaintiff asks the Court to accept the astonishingly illogical notion that by applying "normal admissions standards," *i.e.*, treating the Plaintiff identically to other applicants, U of C discriminated against her. Thus, in the Plaintiff's upside-down world, treating her fairly as compared to other applicants constitutes unlawful discrimination. Moreover, the "accommodation" the Plaintiff seeks, the lowering of admission standards, is the

one accommodation she absolutely, as a mater of law, is not entitled to. *Yates*, 2008 WL 4358313, *citing Southeastern Community College v. Davis*, 442 U.S. 397, 413, 99 S. Ct. 2361, 2370-71 (1979) ("Section 504 imposes no requirement upon an educational institution to lower or to effect substantial modifications of standards to accommodate a handicapped person"). Accordingly, like the plaintiff in *Yates*, who asserted that the John Marshall Law School discriminated against her by failing to lower its admission standards to accommodate her low LSAT score, the allegations in the Plaintiff's own Complaint render her claims unsustainable.

The second way in which the Complaint's factual allegations undermine the Plaintiff's claims stems from the utter absence of facts which tie the Plaintiff's protected characteristics to U of C's decision to reject her. The Complaint merely alleges that the Plaintiff is a member of protected groups and that U of C rejected her. The Complaint then asks the Court to take the enormous leap of faith required to conclude that her rejection was motivated by her protected characteristics. However, the case law and common sense preclude the Court from making this leap. *See Deberry v. Davis*, No. 1:08 CV 582, 2010 WL 1610430 (M.D.N.C. April 19, 2010) (unsuccessful plaintiff failed to state a claim for race discrimination because he failed to allege a link between his race and his rejection from law school).

Thus, because the Complaint demonstrates that the Plaintiff was objectively unqualified for admission to U of C, because it points to purely non-discriminatory reasons for her rejection, and because it fails to allege a connection between her protected characteristics and her rejection, the Court should grant U of C's Motion to Dismiss.

### III. Even If The Court Concludes That The Plaintiff Has Not Pled Herself Out of Court, It Should Nonetheless Dismiss The Complaint

#### A. Plaintiff's Disability Discrimination Claims Are Both Time-Barred and Factually Deficient

A complaint which reveals on its face that the plaintiff's claim is barred by the statute of limitations should be disposed of on a motion to dismiss. *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 719 (7th Cir. 1993). Here, the Plaintiff alleges disability discrimination in violation of Section 504 of the Rehabilitation Act and Title II of the ADA.[4] The Seventh Circuit has stated that in determining the appropriate statute of limitations for federal civil rights cases, including Section 504, courts should look to state statutes governing personal injury suits. *Cheeney v. Highland Community College,* 15 F.3d 79, 81 (7th Cir. 1994) Federal courts apply the forum state's limitations period for personal injury claims to disability discrimination claims. *See Untermyer v. College of Lake County,* No. 07-3265, 2008 WL 2520886 at *1 and n.1 (7th Cir. June 25, 2008) (applying Illinois two-year personal injury statute of limitations to Section 504 claim).

The Plaintiff alleges that U of C last discriminated against her on March 21, 2008. (Comp. ¶ 7.) Thus, to allege a timely disability claim, the Plaintiff should have filed the Complaint on or before March 21, 2010. The Plaintiff did not submit her Complaint to the Clerk of the Court until March 30, 2010, making her disability claim untimely.

Moreover, to state a claim of discrimination under Section 504, a plaintiff must allege that: (1) she has a disability as defined by the statute; (2) she is "otherwise qualified" for admission; and (3) she was excluded from the benefit on the basis of her disability. *Washington*

---

[4] The Plaintiff obviously fails to state a claim under Title II, which applies only to public entities. U of C, a private university, is not a public entity. *Yates v. John Marshall Law School,* No. 08-c-4127, 2009 WL 1309516 at *5 (N.D.Ill. May 11, 2009) (Aspen, J.) (dismissing Title II claim for failure to allege private university was a public entity).

6

*v. Indiana High School Ath. Assn.,* 181 F.3d 840, 843 (7th Cir. 1999) (listing *prima facie* elements of Section 504 claims in review of preliminary injunction enjoining high school from denying learning disabled student athlete eligibility to participate in athletic program); *Manickavasagar v. Virginia Commonwealth Univ. School of Medicine,* 667 F. Supp. 3d 635, 643-44 (E.D.Va. 2009) (dismissing disability discrimination complaint brought by medical school applicant). To plead a failure to accommodate claim under Section 504, a plaintiff must allege that: (1) she is an otherwise qualified individual with a disability, *i.e.*, she qualifies for admission with or without reasonable accommodation; and (2) if a reasonable accommodation is necessary, the denial of the accommodation was made in a discriminatory fashion. *Manickavasagar,* 667 F. Supp. 3d at 643-44.

Further, this Court should dismiss the disability discrimination claim because Plaintiff has not alleged facts which link U of C's rejection of her application to her alleged disability. First, as noted above, the Complaint's allegation demonstrate unequivocally that the Plaintiff was not "otherwise qualified" for admission to U of C. As the *Yates* case teaches, this deficiency alone mandates dismissal.

The Plaintiff's claim that U of C failed to accommodate her disability also fails from a factual standpoint. The Complaint alleges that U of C was "asked in an 'additional statement' to apply accommodations in the admissions process." The Complaint alleges that the "accommodation" she requested was granting her admission to law school despite her poor qualifications. But courts unequivocally hold that "Section 504 does not require an educational institution to lower or substantially modify its admissions standards in order to accommodate a handicapped person." *E.g., Southeastern Community,* 442 U.S. at 413 (1979).

### B. Plaintiff's Gender Discrimination Claim Is Both Time-Barred and Factually Deficient

The Plaintiff's gender discrimination claim is also time-barred. In Illinois, gender discrimination claims under Title IX, like disability claims, are subject to a two-year statute of limitations. *Cetin v. Purdue Univ.*, 94 F.3d 647, 1996 WL 449197, (7th Cir. 1996) (state statute for personal injury claims applies to Title IX gender discrimination causes of action). Not only is the Plaintiff's gender discrimination claim time barred, but it is fatally deficient because the Plaintiff has not alleged facts, which, if true, would support an inference that U of C intentionally discriminated against her because of her gender. *See e.g. Sudduth v. Donnelly*, No. 09-2117, 2010 WL 887385 at *1 (7th Cir. Mar. 10, 2010) (Kendall, J.) (affirming dismissal of plaintiff's Title VI discrimination claim where plaintiff failed to allege facts to support a plausible inference of discrimination); *O'Donnell v. The University of Chicago*, No. 01 C 5809, 2001 WL 1593141 at *4 (N.D.Ill. Dec. 13, 2001) (Manning, J.) (dismissing race and gender claims based on denial of admission to graduate school because plaintiff offered nothing to support an inference of intentional discrimination). As the *O'Donnell* case teaches, the inference of discrimination must be based on facts, and cannot be drawn solely from the fact of Plaintiff's rejection. 2001 WL 1593141 at *4.

Plaintiff's claims of gender discrimination, which are contained in paragraph 11 of the Complaint, simply do not link the fact that the Plaintiff is a woman to U of C's decision to reject her application, mandating dismissal of this claim. *See e.g., Deberry v. Davis*, No. 1:08 CV 582, 2010 WL 1610430 (M.D.N.C. April 19, 2010) (unsuccessful plaintiff failed to state a claim for race discrimination because he failed to allege a link between his race and his rejection from law school).

Indeed, nothing in the Complaint suggests that U of C even was aware of the Plaintiff's gender, much less that it discriminated against her based on those characteristics. *See e.g., Sudduth*, 2010 WL 887385 at *1 (plaintiff did not properly allege Title VI claim for denial of access to the court system because he did not allege that defendants knew his race).[5] Nor has the Plaintiff alleged that male applicants with equal or lesser qualifications were admitted over her. *See O'Donnell*, 2001 WL 1593141 at *4 (plaintiff failed to state a claim for race, gender and national origin discrimination because he did not allege that women, non-whites, or non-Irish applicants having equal or lesser qualifications were admitted to graduate school).

In fact, as noted above, the Complaint's own allegations point to entirely reasonable and lawful justifications for U of C's rejection of Plaintiff's application. Specifically, she had a low LSAT score and a weak work history. (Complaint ¶ 11.) These legitimate reasons for U of C's decision to reject Plaintiff's application completely undermine the conclusory allegations of discrimination, further mandating dismissal. *See Deberry*, 2010 WL 1610430; *O'Donnell*, 2001 WL 1593141. Accordingly, since Plaintiff has not raised a plausible claim that U of C rejected her application because of her gender, the Court should dismiss her gender discrimination claim.

### C. Plaintiff's Race Discrimination Claim Is Factually Deficient

The Plaintiff's race discrimination claim suffers from the same factual deficiency as her disability and gender claims. As noted above, the Complaint affirmatively alleges that the Plaintiff's low LSAT score and other legitimate factors made her unqualified for admission based on U of C's "normal admissions standards." Thus, the Complaint alleges that the Plaintiff was objectively unqualified and that U of C rejected her for legitimate reasons, while completely

---

[5] The Plaintiff's first name, Mesue, is not readily identifiable as a female first name.

failing to allege facts which show that her rejection was motivated by her race. *See O'Donnell*, 2001 WL 1593141 at *4.[6]

Additionally, if this Court chooses to adopt the majority view that the statute of limitations for a Title VI claim is the statute for the applicable state's personal injury claim, it should apply a two-year statute to the Plaintiff's Title VI claim and rule that it is time-barred. *See* 735 5/13-202 (two year statute of limitations for personal injury actions under Illinois law); *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004); *Yip v. Union County College*, 2009 WL 236949 (3rd Dist. 2009); *Jersey Heights Neighborhood Association v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999); *Griffin v. Round Rock Independent School Dist.*, 82 F.3d 414, 1996 WL 166999, *1 (5th Cir. 1996); *Lillard v. Shelby County Board. of Education*, 76 F.3d 716, 729 (6th Cir. 1996); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 617-618 (8th Cir. 1995); *Taylor v. Regents of U. of Cal.*, 993 F.2d 710, 711-712 (9th Cir. 1993); *Reynolds v. School District. No. 1*, 69 F.3d 1523, 1533 & note 1(10th Cir. 1995); *Baker v. Board of Regents*, 991 F.2d 628, 630 (10th Cir. 1993); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).[7]

### D. The Court Should Dismiss Plaintiff's Age Discrimination Claim Due To Its Factual Deficiencies And Because It Lacks Jurisdiction

The Plaintiff also alleges that U of C discriminated against her because of age in violation of the Age Discrimination Act of 1975 (the "Age Act"). However, the only allegation of age discrimination in the Complaint is that U of C rejected her application, "potentially because of my age." (Complaint ¶ 11.) Further, the Complaint does not state the Plaintiff's age. These

---

[6] To the extent the Plaintiff's race claim is based on Section 1981, it, too, is time-barred because the statute of limitations in Illinois for Section 1981 claims is two years. *Jones v. R.R. Donnelley & Sons Co.*, 305 F.3d 717, 723-24 (7th Cir. 2002).

[7] U of C recognizes that two Illinois District Courts have departed from the majority view and applied Illinois' five-year "catch-all" statute of limitations to Title VI cases. *Brewer v. Board of Trustees of the University of Illinois*, 407 F. Supp. 2d 946 (C.D. Ill. 2005); *Allen v. Board of Governors of State Colleges & Universities*, No. 93 C 380, 1993 WL 69674 (N.D. Ill. March 11, 1993).

allegations fall woefully short of alleging facts giving rise to an inference of discrimination under the case law cited above and, accordingly, the Court should dismiss the age discrimination claim.

Moreover, assuming for the sake of argument that the Plaintiff has adequately alleged a claim for age discrimination, this claim nonetheless fails because the Plaintiff failed to exhaust her administrative remedies. In order to bring an age discrimination claim against a recipient of federal financial assistance, a plaintiff must exhaust administrative remedies by filing a complaint with OCR within 180 days from the date she first had knowledge of the alleged discrimination. 42 U.S.C. § 6104(e)(1); 34 C.F.R. §§ 110.31, 110.39. The Plaintiff alleges that she filed a "charge or charges asserting the acts of discrimination indicated in this complaint" with the Department of Education and received a notice of right to sue on October 8, 2008. But other allegations in the Complaint make it clear that the OCR charge claimed disability discrimination, not age discrimination. (Complaint ¶¶ 7-8). Accordingly, the Complaint does not allege that Plaintiff filed a complaint with OCR alleging age discrimination, and the Court should dismiss the age claim for that reason.

Even if the Plaintiff did timely file an age discrimination complaint with OCR, Plaintiff was required to give notice by registered mail to the Secretary of Health and Human Services, the Attorney General of the United States, and U of C, before filing her federal court complaint. 42 U.S.C. § 6104(e)(1). This notice must state the nature of the violation, the relief requested, the court in which the action will be brought, and whether or not the plaintiff will seek attorney's fees in the event she prevails. 42 U.S.C. § 6104(e)(2). However, the Complaint contains no allegation – and there is no evidence to indicate – that the Plaintiff complied with this notice requirement, again mandating dismissal. *See Popkins v. Zagel,* 611 F. Supp. 809, 812 (C.D. Ill. 1985) (dismissing claim brought pursuant to the Age Act by discharged Illinois State Trooper for

lack of subject matter jurisdiction where plaintiff failed to satisfy notice requirements of § 6104(e)). Accordingly, the Plaintiff has failed to meet the statutory requirements for filing her Age Act claim, and the Court should dismiss that claim under Rule 12(b)(1) for lack of subject matter jurisdiction.

### IV. The Court Should Dismiss The Complaint Because It Does Not Satisfy *Iqbal* And *Twombly's* Plausibility Requirement.

In addition to all of the grounds cited above, the Court should also dismiss the Complaint for failure to comply with the pleading standards required by the recent Supreme Court opinions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). As these cases teach, a complaint must allege enough facts to state a claim that is plausible on its face. *Twombly,* 550 U.S. at 570. In judging the plausibility of a claim, courts are to consider only facts pled in the complaint, not conclusory statements. *See Iqbal,* 129 S. Ct. at 1951, *citing Twombly,* 550 U.S. at 555.

The Plaintiff in this case has filed seven essentially identical, eight-page Complaints against seven separate law schools located in Illinois. This Court may take judicial notice of the Complaints filed in each of these separate actions for purposes of this motion to dismiss. *See e.g. Williamson v. Curran,* No. 09 C 562, 2009 WL 3817613 at * 4 (N.D.Ill. Nov. 12, 2009) (Darrah, J.) (court may take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment). A review of each complaint reveals that the Plaintiff's factual allegations are so similar that they lack plausibility. (Exhibit 3, complaints filed against other law schools). Each complaint is identical except for the names of the respective defendant, the dates on which she applied for admission, and the date the law schools allegedly "discriminated against" the Plaintiff. In fact, according to Plaintiff:

- Each of the seven law schools provided identical, false information to OCR by stating that they were not aware the Plaintiff was disabled;

- The Plaintiff attended an open house for each law school. At each of the seven open houses there were 200-300 students present, of whom exactly two were African-American;

- Each of the law schools told OCR investigators that it denied the Plaintiff's application because of her weak work history;

- Each of the law schools has an identical program called a "rolling basis program" or a "scaling basis program" that allows the admissions committee to pick approximately 30 students to attend a summer law course before being admitted to law school; and

- Each of the law schools' conduct was "rude" to an advocate from the Center for Independent Living who contacted each school on the Plaintiff's behalf.

(Ex. 3, Complaints at ¶ 11.)

It is wildly implausible that each of the seven law schools to which the Plaintiff applied engaged in identical conduct, that each responded to OCR with an identical statement, that each law school's open house had 200-300 students in attendance, that there were exactly two African-American students at each of the seven open houses or that each school has an identically-named summer program for law school applicants. Obviously, the Plaintiff merely created one boilerplate form complaint based on the story she concocted to rationalize her rejection from law school, and then plugged in the respective law schools' names and a few dates. The dubious nature of these identical allegations completely undermines the plausibility of Plaintiff's claims as a whole, and in all likelihood these allegations risk violating Rule 11 of the Federal Rules of Civil Procedure. *See Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986) (Rule 11 requires careful investigation and consideration of claims before including them in a complaint and unsupported boilerplate allegations are not only improper but subject to an appropriate sanction).

## CONCLUSION

The Complaint in this case is fatally defective because it alleges that the Plaintiff was objectively unqualified for admission to the U of C, that U of C rejected the Plaintiff's application for legitimate, non-discriminatory reasons and because it fails to allege any facts which connect the U of C's rejection of the Plaintiff's application to her protected characteristics. The factual allegations in the Complaint show that U of C received Plaintiff's law school application, determined that it was not up to U of C's standards, and denied her admission by applying its "normal admissions standards."

Further, the Plaintiff's disability, gender and race discrimination claims are time-barred, and the Court lacks jurisdiction over her age claim. And, the Complaint falls far short of satisfying the *Iqbal* and *Twombly* standard for pleading an adequate claim in federal court, *i.e.*, allegations of fact that articulate a plausible claim.

Indeed, the thoughtless, implausible allegations of the Complaint and the preposterously unrealistic prayer for relief ("admit the plaintiff to the JD program with a full ride scholarship, at no cost to the plaintiff") demonstrate that the Plaintiff is using this litigation as a means to engage in economic harassment of U of C and the other law schools. This is precisely what Rule 11 was intended to prevent. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986) (the two major problems Rule 11 aims to resolve are "frivolous filings" and "misusing judicial procedures as a weapon for personal or economic harassment"). In light of the cases cited above and the principle that federal courts traditionally defer to academic institutions in admission decisions, University of Chicago requests that the Court dismiss the Complaint with prejudice.

15

Date: August 2, 2010                          Respectfully submitted,

                                                       **UNIVERSITY OF CHICAGO LAW SCHOOL**

                                                      /s/ *Jenny R. Goltz*
                                                      One of Its Attorneys

Jacob M. Rubinstein
Jenny R. Goltz
Meckler Bulger Tilson Marick & Pearson LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel:    312.474.7900
Jake.rubinstein@mbtlaw.com

M:\14256\pleading\U of C Memo of Law in Support of Motion to Dismiss Final For Filing.doc